UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FOUR MILE BAY LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:14-CV-1300-JVB-JEM |
| | ) | |
| ZIMMER HOLDINGS, INC., and | ) | |
| ZIMMER DENTAL, INC., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for a Limited Stay Pending *Inter Partes* Review [DE 36], filed by Defendants on April 22, 2015. Defendants request that the Court stay this case until the Patent Trial and Appeal Board issues its institution decisions in Defendants' *inter partes* review proceedings. Plaintiff filed a response on April 29, 2015, and on April 30, 2015, Defendants filed a reply.

**I.      Background**

Plaintiff filed this patent infringement action on April 15, 2014, alleging that Defendant infringed its U.S. Patent No. 8,684,734. On October 17, 2014, Plaintiff served its preliminary infringement contentions, and on December 5, 2014, Defendants served their preliminary invalidity contentions. On February 27, 2015, the parties served their joint claim construction statement. No substantive motions have been filed and there have been no dates set for either a *Markman* hearing or a trial date.

On April 16, 2015, Defendants filed two petitions for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB"), asking it to review the validity of all 22 asserted claims

1

of the patent. On May 1, 2015, the Court stayed the filing of the parties' claim construction briefs pending ruling on the instant Motion.

**II.     Analysis**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and a court considering whether to stay a case "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted); *see also Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) ("this court [Federal Circuit Court of Appeals] ha[s] consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent"). Accordingly, when considering whether a stay is appropriate, "courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Tap Pharm. Prods., Inc. v. Atrix Lab., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D.Ill. Mar. 3, 2004). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The Court will consider each factor in turn.

   A.     <u>Undue Prejudice or Tactical Disadvantage</u>

Plaintiff argues that it will be unduly prejudiced and tactically disadvantaged by a stay. Plaintiff argues that the PTAB is unlikely to grant Defendants' IPR petitions, and that Defendants waited as long as it could to file the IPR petitions. Defendants argue that the timing of their filing was not prejudicial, since it was within the statutory deadline, and its decision to wait to file until

2

after it received Plaintiff's infringement petitions was to streamline the IPR petitions, not to tactically disadvantage Plaintiff.

Plaintiff relies on *Unwired Planet, LLC v. Square, Inc.* a case from Nevada, for its argument that Defendants' timing and tactics are reason to deny the request. No. 3:13-CV-00579-RCJ, 2014 WL 4966033 (D. Nev. Oct. 3, 2014) (denying motion to stay). In that case, like this one, Defendants filed the PTAB petitions after the infringement contentions had been filed, but unlike in *Unwired*, there has not been substantial discovery and no *Markman* briefs have been filed in this case. Tactical decisions, such as the decision to wait until after the infringement contentions have been made to file the PTAB petitions, are not necessarily prejudicial, particularly where, as here, Defendants filed the petition within its statutory deadline. *See Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-CV-02013-JST, 2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014) ("Other courts have found that waiting until after receiving infringement contentions to analyze the claims alleged and then filing petitions for review does not cause undue prejudice.") (citing cases).

The Court need not make a determination as to the likelihood that the IPRs will be instituted. *See, e.g., Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 DEP, 2014 WL 201965, at *8 (N.D.N.Y. Jan. 15, 2014) ("I have found no authority, however, to suggest that a court, lacking the expertise of the PTO, should examine the strength of a petitioner's claims of invalidity asserted in an IPR petition when addressing a motion to stay."). The Court also notes that Plaintiff and Defendants are also not direct competitors, so Plaintiff does not face market loss as a result of a stay. *C.f. Lippert Components Mfg., Inc. v. AL-KO Kober, LLC*, No. 3:13-CV-697-JVB-CAN, 2014 WL 8807329, at *2 (N.D. Ind. Jan. 16, 2014).

Although any delay can cause some prejudice, the delay in this case is limited to the amount of time it will take for PTAB to decide whether to institute IPR proceedings, a delay of only until approximately October 15, 2015. Plaintiff will not be unduly prejudiced or tactically disadvantaged by this relatively brief stay.

B.      Simplification of Issues and Streamline Trial

Defendants argue that a stay will simplify the issues in question and streamline the litigation. Plaintiff argues that the Court may be capable of granting case-dispositive relief more quickly than the PTAB and the PTAB cannot grant all the relief requested. In particular, Plaintiff argues that there are certain arguments that cannot be raised in the IPR petitions but can be raised in claim-construction proceedings. In addition, Plaintiff argues that the fact that the IPR may not be instituted also means that the stay may delay rather than streamline the proceedings.

Defendants argue that the PTAB will issue its institution decisions in October 2015, and that those decisions, even if they deny institution, will address claim construction, priority-date, and invalidity. Defendants agree that these are not final decisions, but argue that they will provide analysis and expert guidance on important issues in the case. Defendants also argue that the final decisions of the PTAB could potentially invalidate all of the asserted claims in this litigation as early as October 2016, only a few months after the earliest date by which dispositive motions could possibly be briefed and ruled on.

The stay requested by Defendants will not at this point extend through the date of the final PTAB decision, and the Court recognizes that there may not be complete overlap between the IPR and the questions before the Court. However, resolution or guidance on some of the issues, and

4

even knowing whether or not the PTAB will institute IPR proceedings regarding patent validity, will simplify this case and are likely to streamline the litigation.

    C.    <u>Burden of Litigation</u>

Defendants argue that a stay will reduce the burden on the Court by providing a potential roadmap of major issues in this case. In particular, Defendants argue that the stay will prevent unnecessary fact and expert discovery, motion practice, and claim construction briefing by clarifying the issues in this case, particularly since the claim construction briefs have not been filed and only minimal discovery has occurred. If the claims are simplified or canceled through the IPR proceedings, discovery and briefing may be further limited. Plaintiff argues that the PTAB might not institute the IPRs, so that there may be no reduction in burden at all, and that some of the issues in this case cannot be addressed by the PTAB.

As described above, IPR proceedings, including the PTAB's decision on whether to institute them, could narrow the scope of this litigation or provide the Court with additional insight about the claims in this action. The requested stay is brief, only until the PTAB determines whether to institute IPR proceedings, at which point the Court can consider how best to proceed to limit the burden of litigation going forward.

**III.**    **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** on Defendants' Motion for a Limited Stay Pending *Inter Partes* Review [DE 36]. The Court **ORDERS** that all proceedings in this matter are **STAYED** until the PTAB rules on Defendant's pending IPR petitions. The Court **ORDERS** the parties to file a join status report within fourteen days of the PTAB decision, or by **October 30,**

**2015**, which ever date is earlier, informing the Court of the PTAB's decision and the status of the case.

So ORDERED this 3rd day of August, 2015.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record